IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GERALD TODD, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> 1. PACCAR, INC. d/b/a PACCAR ) <br> WINCH, a foreign corporation, ) <br> ) <br> Defendant. ) | Case No. 16-cv-521-SPS |

## COMPLAINT

**COMES NOW**, the Plaintiff, Gerald Todd ("Todd"), by and through his attorney of record, Charles C. Vaught of the firm *Armstrong & Vaught, P.L.C.*, and for her causes of action against the above-named Defendant would respectfully show the court as follows:

## STATEMENT OF CASE

This action seeks declaratory relief, actual compensatory and equitable damages, punitive damages, and costs and attorney fees, for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, *et seq.*, sexual harassment/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, committed by the named Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

1

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is and was, at all times relevant hereto, a resident of the State of Oklahoma, residing in Okmulgee, Okmulgee County, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Okmulgee County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on August 31, 2016 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein). Plaintiff received a copy of the Notice of Right to Sue on September 2, 2016 and instituted this action within 90 days of his receipt thereof.

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was an employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e(f), in that he was employed by an employer.

## OPERATIVE FACTS

10. Plaintiff became employed with the Defendant through a temporary employment agency in July of 2012. Subsequently, on or about December 20, 2012, Plaintiff became employed as a full-time employee with the Defendant in its Maintenance Department as a Janitor.

11. During his employment, Plaintiff was regularly subjected to sexual harassment by his fellow employees. Representative examples of the behavior at issue includes:

    a. Josh Petree regularly informed Plaintiff, in the presence of both male and female co-workers, that he "jacked off" to Plaintiff's picture;

    b. Josh Petree advised Plaintiff to not attend a bachelor party that Plaintiff had been invited to as he was afraid Plaintiff would be drugged and raped;

    c. When Plaintiff would take a vacation day, Josh Petree would also take a vacation day and, upon Plaintiff's return to work, Joe Petree, Josh Petree's brother, would accuse Plaintiff of meeting Josh Petree at a hotel;

    d. Josh Petree whispered in Plaintiff's ear that someone in group had a crush on him and "wanted to suck his dick"';

    e. Josh and Joe Petree would grab Plaintiff's breasts;

    f. The Petrees would grab Plaintiff by the head and state that they knew Plaintiff "wanted to suck their dick";

    g. The Petrees made comments about the size of Plaintiff's lips and "how they would feel on a dick"; and

    h. The Petrees would repeatedly grope Plaintiff's body.

12. The sexual harassment Plaintiff was subjected to was based on his gender, to wit: male. Plaintiff, a homosexual male, was subjected to the sexual harassment described in the preceding paragraph solely because of his gender.

13. During his employment, Plaintiff was repeatedly subjected to discrimination on the basis of his race, to wit: African American. Representative examples of the behavior at issue includes:

    a. Plaintiff was referred to as a "nigger" by his co-workers;

    b. Plaintiff was informed that "Niggers only work at Foot Locker so they can steal Jordans.";

    c. Plaintiff was informed that "Niggers don't steal steel-toed boots because they don't like to work.";

    d. Plaintiff was informed that "Niggers only like flavored pop."; and

    e. Plaintiff was informed that "All niggers can't dance."

14. Plaintiff reported the sexual harassment, gender discrimination, and racial harassment of which he was subjected to a steady progression of supervisors and Human Resources personnel throughout his tenure with the company but nothing was ever done to address his complaints.

15. In August of 2015, after reporting the sexual harassment to his new supervisor, Monica Baker, Plaintiff's complaints were finally investigated by Human Resources. The investigation, however, was skewed in such a manner that Plaintiff himself became the subject of that investigation for sexual harassment and race discrimination. In retaliation for his protected complaints of sexual harassment and racial harassment, Plaintiff was threatened with termination and received a Final Written Warning for "repeated, pervasive acts of racial and sexual harassment" at the conclusion of the investigation even though Plaintiff did not engage in the acts he was alleged to have committed.

16. Plaintiff was discriminated against on the basis of his race, to wit, African American, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

17. Plaintiff was discriminated against on the basis of his gender, to wit: male, in violation of Title VII of the Civil Rights Act of 1964.

18. Plaintiff was retaliated against for complaining of the sexual harassment and race discrimination he was subjected to, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

## FIRST CLAIM
### (Race Discrimination in Violation of Title VII)

19. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

20. That, as a member of a protected class, to wit: African-American, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

21. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of his race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

22. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on his race, to wit: African-American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

23. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

24. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

5

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
### (Race Discrimination in Violation of 42 U.S.C. § 1981)

25. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

26. That as a member of a protected class, to wit: African American, Plaintiff is protected from race discrimination under 42 U.S.C. § 1981;

27. That the disparate treatment of Plaintiff by Defendant and its agents and/or employees was a direct result of discrimination on the basis of his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

28. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on his race, to wit: African-American, as prohibited by 42 U.S.C. § 1981;

29. That Defendant ratified the acts of their agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

30. That the conduct complained of constitutes illegal race discrimination in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's

rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### THIRD CLAIM
### (Retaliation in Violation of Title VII)

31. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

32. Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected right to complain of the disparate treatment he was subjected to as an employee in Defendant's employ

33. Plaintiff reported the discrimination he was subjected to as an employee of Defendant to his supervisors and Defendant's human resource personnel.

34. As a direct result of Plaintiff's complaints, Defendant altered the terms, conditions and/or privileges of his employment by, among other retaliatory acts, issuing discipline against Plaintiff which had the force of chilling further reports of discrimination.

35. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising his federally protected right to report the disparate treatment he was subjected to in the workplace.

**WHEREFORE,** Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and

punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## FOURTH CLAIM
### (Retaliation in Violation of 42 U.S.C. § 1981)

36. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

37. Plaintiff followed the proper procedures as an employee of Defendant in exercising his federally protected right to complain of the disparate treatment he was subjected to as an employee in Defendant's employ.

38. Plaintiff reported the discrimination he was subjected to as an employee of Defendant to his supervisor and Defendant's human resource personnel.

39. As a direct result of Plaintiff's complaints, Defendant altered the terms, conditions and/or privileges of his employment by, among other retaliatory acts, issuing discipline against Plaintiff which had the force of chilling future reports of discrimination.

40. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising his federally protected right to report the disparate treatment he was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## FIFTH CLAIM
### (Sexual Harassment in violation of Title VII of the Civil Rights Act)

41. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

42. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed toward Plaintiff.

43. By and through, but not limited to, the actions described above, the Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §§ 2000e, *et seq*.

44. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other pecuniary losses.

45. Defendant's actions were willful and done with reckless indifference to Plaintiff's rights, thus warranting an award of punitive damages to Plaintiff.

46. Plaintiff has been injured by the sexual harassment he was subjected to and is entitled to compensatory and punitive damages, and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SIXTH CLAIM
### (Negligent Supervision)

47. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

48. That Defendant knew or should have known that Defendant's agents and employees had a propensity for sexually and racially harassing employees, as demonstrated by the observations of its management and/or supervisory employees and Plaintiff's prior reports of same.

49. That at the time Defendant's employees were sexually and racially harassing Plaintiff, Defendant had reason to believe that its employees would create an undue risk of harm to others.

50. That Defendant failed to act upon this belief.

51. That Plaintiff was injured because of Defendant's failure to act.

52. That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: ___*s/ Charles C. Vaught*___
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***